

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-2770
Re: Whether or not prize tax
levied by Article 7047-f,
Vernon's Annotated Civil
Statutes, is due on theatre
scheme described.

This is in reply to your letter of September 19,
1940, requesting the opinion of this department as to whether
or not the prize tax levied by Article 7047f, Vernon's Anno-
tated Civil Statutes, is due under the following circumstances:

A theatre acting in conjunction with a local radio
station offers prizes to various patrons of the theatre on a
certain designated night for the correct answer to various
questions propounded by an announcer from the radio station
who circulates among the theatre audience. Any patron who de-
sires to answer a question simply raises his hand or nods his
head. All questions are selected from a question and answer
book by the radio station announcer. While the theatre fur-
nishes the money, the radio announcer decides how much he will
pay to the patron for the correct answer to a question. Only
a small percentage of the patrons are asked individual ques-
tions but each member of the theatre audience may participate
in the "right or wrong" questions. In so participating he is
given a card with blank spaces in which to check "right" or
"wrong" to certain questions that are asked the audience as a
whole. Winners of the "right or wrong" contest are not an-
nounced until the following quiz night; but a winner need not
be present at that time to receive his money. He may receive

Article 7047f of Vernon's Annotated Civil Statutes, reads in part as follows:

"(a) Every person, firm, or corporation conducting a theatre, place of amusement, or any business enterprise in connection with the operation of which a prize in the form of money or something of value is offered or given to one or more patrons of such theatre, place of amusement, or business enterprise, and not given to all patrons thereof paying the same charge for any certain service, commodity, or entertainment, shall make a verified monthly report on the twenty-fifth day of each month to the Comptroller of Public Accounts of the State of Texas, showing the amount of money so given in prizes, and the value of all prizes or awards so given in connection with such business during the next preceding month.

"(b) There is hereby levied a tax equal to twenty per cent (20%) of the value of all such money, prizes, and awards given in connection with the operation of each and all of the foregoing business enterprises, and at the time of making the report to the Comptroller of Public Accounts, the owner or operator of any such business shall pay to the State Treasurer such tax upon the total amount of money, prizes, and awards so given during the next preceding month. The tax herein levied shall be a joint liability of the owner and operator of such business, and, in the event any person engaged in any business operated in the manner hereinabove mentioned shall fail or refuse to pay said tax on or before the twenty-fifth day of each month, he shall forfeit to the State of Texas not less than Twenty-five Dollars ($25) nor more than One Hundred Dollars ($100) for each violation, and each day's delinquency shall constitute a separate offense. The State of Texas shall have a prior lien for all delinquent taxes and penalties on all property used by the owner or operator of any such business, and the Attorney General of the State of Texas may file suit for the collection of such tax and penalties in any District Court of Travis County, Texas, and for the foreclosure of such lien, and may enjoin the operation of any such business until such tax is paid."

Honorable George H. Sheppard, Page 3


In Opinion No. O-1902 this department had before it for consideration a theatre advertising scheme similar to the well-known "bank night" and we held that the prize tax levied by Article 7047f had matured thereon. What we said in that opinion is applicable here:

"Two essential facts which must exist to render this tax statute operative on any fact situation are: (1) a prize must be offered or given away in connection with the operation of a theatre, place of amusement or business; (2) the prize must be offered or given to one or more patrons thereof and not given to all patrons who have paid the same charge for the entertainment.

"The first essential is satisfied under the facts as given; namely, a prize is offered or given in connection with the operation of a theatre.

"The second essential is likewise satisfied in that there inheres in the facts, as presented to us, the presence of those in the theatre at the time the prize is offered and given, who have paid an admission charge, who are admittedly patrons of the theatre, and who are offered and may be given the prize, which, when given, will not have been given to all patrons who have paid the same charge for the entertainment."

While we are not passing upon the question of whether or not the operation of the plan as described constitutes a lottery under Article 654 of the Penal Code of Texas, it is our opinion and you are respectfully advised that the prize tax levied by Article 7047f, Vernon's Annotated Civil Statutes, is applicable to the theatre advertising scheme described herein.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By     *James D. Smullen*
       James D. Smullen
         Assistant

JD3:db

APPROVED OCT 24, 1940

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN